IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:15-CV-107-FL

| | |
|---|---|
| RICHARD G. HESS and KAREN E. HESS, ) ) ) Plaintiffs, ) ) v. ) ) AMANDA C. MCBRIDE, ) ) Defendant. ) | ORDER |

This matter is before the court on defendant's motion to transfer this case to the United States District Court for the Middle District of Pennsylvania, made pursuant to 28 U.S.C. § 1406(a). For the reasons that follow, defendant's motion will be granted.

**BACKGROUND**

Plaintiffs, proceeding *pro se*, initiated this action by complaint entered on the docket May 20, 2015. Plaintiffs seek specific performance compelling defendant, an individual residing in the Commonwealth of Pennsylvania, to perform her obligations under a contract for the sale of land, as well as damages arising from her alleged breach of contract.

Plaintiffs allege that on or about March 25, 2013, they listed certain property in Orrtanna, Pennsylvania, for sale with an agent. (Compl, DE 1, ¶12). The property had been enrolled in the Conservation Reserve Enhancement Program (sometimes "CREP" or "CRE Program"), see generally 7 C.F.R. §§ 1410.1 et seq., with said program being funded by the United States Department of Agriculture and administered by various state or local agencies. (Compl. ¶¶4-5). The

property was listed for sale subject to its CREP enrollment. (Id. ¶12).

Shortly after listing the property for sale, on April 17, 2013, defendant tendered an offer to purchase the property. (Id. ¶13). On that same day, the parties entered into a preliminary contract for sale. (Id.; see also Agreement of Sale dated April 17, 2013, DE 1-5). As of April 17, 2013, defendant was aware of the property's enrollment in the CRE Program. (Compl. ¶13). After a period of negotiation regarding the final sale price, plaintiffs accepted defendant's offer to purchase on April 23, 2013. (Compl. ¶15). The parties consummated the sale transaction on June 28, 2013. (Id. ¶22). The final contract of sale required defendant to assume plaintiffs' responsibilities arising from the property's CREP enrollment. (Id. ¶22; Agreement of Sale dated April 17, 2013 § 23, at p. 9).

On July 17, 2013, plaintiffs began the process of transferring the property's CREP enrollment to defendant through the appropriate administrative channels. (Id. ¶16). On August 3, 2013, plaintiffs learned that defendant had refused to assume the responsibilities arising from the property's CREP enrollment. (Id. ¶23). As a result of defendant's refusal, the property's enrollment in the CRE Program was terminated by the local administrator and plaintiffs were required to refund to the United States Department of Agriculture $13,154.47 received as benefits from the property's enrollment in the CRE Progam. (Id.). Later, defendant rescinded the contract for sale. (Id. ¶24). On April 25, 2014, plaintiffs received a demand letter from the Pennsylvania Association of Conservation Districts demanding reimbursement in the amount of $2,735.00 relating to the local administrator's termination of the property's enrollment in the CRE Program. (Id. ¶26). As a result of defendant's alleged breach of the sale agreement and failure to assume responsibility for the

property's CREP enrollment, plaintiffs have been charged approximately $16180.34.[1] (Id. ¶¶ 25,27).

On July 7, 2015, defendant filed the instant motion to dismiss for lack of personal jurisdiction and improper venue, pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3). In the alternative, defendant moved to transfer this case to the Middle District of Pennsylvania, pursuant to either 28 U.S.C. § 1404(a) or § 1406(a). On July 29, 2015, plaintiffs filed their response to defendant's motion stating only that plaintiffs "consent to the transfer of this matter to the United States District Court for the Middle District of Pennsylvania pursuant to 28 USC Sections 1404(a) and 1406(a)." (DE 14).

## COURT'S DISCUSSION

Defendant moves the court to transfer this case to the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1406(a), which provides "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). First the court must determine whether venue is improper in this district. If venue is found to be improper, then the court must assess whether this case could have been brought in the Middle District of Pennsylvania and if a transfer to that district would be in the interest of justice.

28 U.S.C. § 1391(b) provides that venue is proper 1) in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; 2) a district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or 3) if no other proper

---

[1] Plaintiffs contend they were billed $13,154.47 by the Department of Agriculture for the termination of the property's CREP enrollment. (Compl., DE 1, ¶23). However, plaintiffs allege they remitted to the Department of Agriculture $13,445.34. (Id. ¶25). The reason for this discrepancy is unexplained.

3

district exists, any district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1931(b).

Venue is improper in the Eastern District of North Carolina. First, the sole defendant resides in Pennsylvania, not North Carolina. In addition, the property at issue is located in, and all actions relating to plaintiff's breach of contract action occurred in Pennsylvania.

Finally, plaintiffs have failed to carry their burden of demonstrating that personal jurisdiction over defendant exists in North Carolina. The court may not assert personal jurisdiction over a non-resident defendant, unless the exercise of personal jurisdiction is authorized by both North Carolina's long-arm statute and the Fourteenth Amendment's Due Process Clause. Christian Sci. Bd. of Directors of First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001). However, because "North Carolina's long-arm statute is construed to extend jurisdiction over nonresident defendants to the full extent permitted by the Due Process Clause," the only question before the court is whether the "defendant has such 'minimal contacts' with the forum state that 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" Id. (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 (1945)). Here, there is no indication that defendant initiated contact with plaintiffs in North Carolina, but only that defendant contacted plaintiffs' Pennsylvania-based real estate broker. Moreover, all documents attached to the complaint by plaintiffs indicate plaintiffs' relationship with defendant was confined to the state of Pennsylvania. (See, e.g., Agreement of Sale dated April 17, 2013). Accordingly, venue is improper in this district under § 1391(b).[2]

The court next turns its inquiry to the proper remedy. Section 1406(a) grants the court the

---

[2] The court has the power to transfer this matter under § 1406 regardless of its determination regarding personal jurisdiction. Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466-67 (1962).

power to either dismiss the case or transfer it to a district in which it originally could have been brought, where the interests of justice so dictate. Under the circumstances of this case, the interest of justice weighs in favor of a transfer. As derived from the complaint the property in issue, as well as all material witnesses are located in the Middle District of Pennsylvania. In addition, the parties have consented to a transfer to that district. Finally, a transfer to the Middle District of Pennsylvania is permissible. That district is one in which the case "could have been brought," because defendant resides in the Middle District of Pennsylvania and the property at issue is situated there. See 28 U.S.C. § 1391(b).

## CONCLUSION

Based on the foregoing, defendant's motion to transfer, (DE 10), made pursuant to 28 U.S.C. § 1406(a) is GRANTED. The clerk is DIRECTED to TRANSFER this case to the United States District Court for the Middle District of Pennsylvania and then close this case.

SO ORDERED, this the 10th day of August, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge